## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MATEER WOLFFE, | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| WALTER J. GALDENZI *et al.*, | : | |
| *Defendants* | : | **22-994** |

## MEMORANDUM

PRATTER, J.                                                    OCTOBER *31st*, 2022

Plaintiff William Wolffe, who is proceeding *pro se*, brings this civil action related to his removal from the premises of a Days Inn in Hilton Head, South Carolina. Defendants Beaufort County Sheriff's Office, Lyle E. Harris, Jeremy Hewitt, and P.J. Tanner filed a motion to dismiss Mr. Wolffe's complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and improper venue under Fed. R. Civ. P. 12(b)(3). For the following reasons, the Court will grant the Beaufort County defendants' motion to dismiss.

### BACKGROUND

On March 17, 2022, Mr. Wolffe filed a 600-page complaint in the U.S. District Court for the Eastern District of Pennsylvania. Mr. Wolffe is 88 years old and was living at the Days Inn in Hilton Head, South Carolina. At the start of the COVID-19 pandemic, the Days Inn shut down, and Mr. Wolffe was forced to move out. He sued Days Inn, its employees, and a number of government officials for conspiring to evict him.[1] Mr. Wolffe initially filed suit in the U.S. District

---

[1] The named Defendants include Walter J. Galdenzi, Days Inns Worldwide, Inc., 9 Marina LLC d/b/a Days Inn by Wyndham Hilton Head, Days Inn by Wyndham Hilton Head, Southern Cross Investments Inc., Suzanne Mark, Wyndham Worldwide, Inc., Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotels and Resorts, Inc., Wyndham Hotel Management, Inc., Beaufort County Sheriff's Office, Lyle E. Harris individually and in his official capacity as Sheriff Deputy, Jeremy Hewitt individually

1

Court for the District of South Carolina, and he subsequently filed suit in Pennsylvania and Delaware. *See Wolffe v. Galdenzi et al.*, No. 22-cv-548-BHH-MGB (D.S.C.); *Wolffe v. Galdenzi et al.*, No. 22-cv-994 (E.D. Pa.); *Wolffe v. Galdenzi et al.*, No. 22-cv-2882 (E.D. Pa.);[2] *Wolffe v. Days Inns Worldwide, Inc. et al.*, No. 22-374 (D. Del.).

On June 23, 2022, Defendants Beaufort County Sheriff's Office, Lyle E. Harris, Jeremy Hewitt, and P.J. Tanner (the "Beaufort County defendants") filed a motion to dismiss Mr. Wolffe's complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and improper venue under Fed. R. Civ. P. 12(b)(3). Mr. Wolffe filed a response, objecting to the Beaufort County defendants' motion to dismiss.

## LEGAL STANDARD

The Court notes that Mr. Wolffe's *pro se* complaint will be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Id.* (internal quotations omitted) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This does not, however, permit the Court to ignore or discount reality.

Federal Rule of Civil Procedure 12 provides that a party may seek dismissal of a complaint based on the court's lack of personal jurisdiction and improper venue. Fed. R. Civ. P. 12(b)(2), (3). When a court lacks personal jurisdiction over the defendants, it must dismiss the action. *See Marnavi S.p.A. v. Keehan*, 900 F. Supp. 2d 377, 385 (D. Del. 2012). When venue is improper, that

and in his individual capacity as Sheriff Deputy, P.J. Tanner individually and in his official capacity as Sheriff, Does 1-100 in their individual capacity, and Does 1-100 in their official capacity.

[2]      Mr. Wolffe originally filed this lawsuit in the Delaware County Court of Common Pleas. *Wolffe v. Galdenzi, et al.*, No. 2022-cv-001507 (Del. Cnty. Ct. Comm. Pls.). Defendants Walter Galdenzi, 9 Marina, LLC, Suzanne Mark, and Southern Cross Investment, Inc. filed a motion to remove the case to the U.S. District Court for the Eastern District of Pennsylvania. *Wolffe v. Galdenzi, et al.*, No. 22-cv-2882 (E.D. Pa.), Doc. No. 1.

court has discretion to either dismiss the action or transfer it to the appropriate district "in the interest of justice." 28 U.S.C. § 1406(a).

DISCUSSION

This Court lacks personal jurisdiction over the Beaufort County defendants because the Beaufort County defendants are not domiciled in Pennsylvania, they lack sufficient contacts with Pennsylvania, and the actions giving rise to this litigation took place in South Carolina. Similarly, the U.S. District Court for the Eastern District of Pennsylvania is an improper venue for this action. For the foregoing reasons, the Court will grant the Beaufort County defendants' motion to dismiss Mr. Wolffe's complaint as to the Beaufort County Sheriff's Office, Lyle E. Harris, Jeremy Hewitt, and P.J. Tanner.

## I.    This Court Lacks Personal Jurisdiction Under Federal Rule of Civil Procedure 12(b)(2)

Federal district courts typically exercise personal jurisdiction according to the law of the state where the court sits. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). Because this Court sits in Pennsylvania, it will apply Pennsylvania's long-arm statute, which provides for jurisdiction "to the fullest extent allowed under the Constitution of the United States . . . based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S. § 5322(b); *see O'Connor*, 496 F.3d at 316. Due process requires that the defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted).

There are two types of personal jurisdiction, general jurisdiction and specific jurisdiction. *O'Connor*, 496 F.3d at 317. General personal jurisdiction requires that the defendant have "continuous and systematic" contacts with the forum state. *Id.* Specific jurisdiction involves a three-part test. *Id.* "First, the defendant must have 'purposefully directed [its] activities' at the

3

forum." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). "Second, the litigation must 'arise out of or relate to' at least one of those activities." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1559 (3d Cir.1994)). "And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *Id.* (citing *Burger King*, 471 U.S. at 476) (internal quotations omitted).

The Court cannot exercise general personal jurisdiction over the Beaufort County defendants because Mr. Wolffe does not allege that the Beaufort County defendants have "continuous and systematic" contacts with Pennsylvania. *See O'Connor*, 496 F.3d at 317. None of the Beaufort County defendants are domiciled in Pennsylvania. Mr. Wolffe concedes this in his Complaint, alleging that this Court has diversity jurisdiction because "all parties inclusive of Doe Defendants are completely diverse in citizenship whereby [Mr. Wolffe's] domicile is specifically the Commonwealth of Pennsylvania and *Defendants domicile is specifically elsewhere other than Pennsylvania* and the amount in controversy exceeds $75,000." Pl.'s Compl., Doc. No. 1, at 70 (emphasis added). The Beaufort County defendants are located in South Carolina.

The Court also cannot exercise specific personal jurisdiction over the Beaufort County defendants because Mr. Wolffe fails to satisfy the elements of the three-part test. *See O'Connor*, 496 F.3d at 317.The first two elements require that the defendants direct their activities at the forum state, and that the litigation relate, or arise out of, at least one of those activities. *See id.* Mr. Wolffe has not alleged that the Beaufort County defendants directed *any* activities at Pennsylvania, and his complaint makes explicitly clear that this litigation arises out of activity which occurred in the state of South Carolina.

Mr. Wolffe appears to repeat allegations from the complaint that he filed in the U.S. District Court for the District of South Carolina, alleging that "[t]his Court has personal jurisdiction because the *events giving rise to the matter in controversy occurred within the State of South Carolina* and they occurred in Beaufort County South Carolina." Pl.'s Compl., Doc. No. 1 ¶ 194 (emphasis added). As to the Beaufort County defendants, Mr. Wolffe alleges that personal jurisdiction exists because "the events giving rise to the matter in controversy occurred within the State of South Carolina through the Beaufort County Sheriff's Office and through its employees, in their individual and in their official capacities." *Id.* ¶ 201, 202, 203, 204. Absent from Mr. Wolffe's complaint are allegations that the Beaufort County defendants have *any* contacts with Pennsylvania, or that any of the acts or omissions giving rise to this action occurred in Pennsylvania.

This Court lacks personal jurisdiction over the Beaufort County defendants, so it must dismiss the complaint against them. *See Marnavi*, 900 F. Supp. 2d at 385. The Court will grant the Beaufort County defendants' motion to dismiss Mr. Wolffe's complaint as to the Beaufort County Sheriff's Office, Lyle E. Harris, Jeremy Hewitt, and P.J. Tanner.[3]

## II.   Venue is Improper in this Court Under Federal Rule of Civil Procedure 12(b)(3)

"The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). The party moving to dismiss for improper venue bears the burden of proving that venue is improper. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). Venue is governed by 28 U.S.C. § 1391, which provides that generally,

---

[3]      This Court cannot *sua sponte* dismiss for lack of personal jurisdiction, so Mr. Wolffe's complaint will not be dismissed at this time against the remaining defendants who did not assert that the Court lacked personal jurisdiction over them. *Zelson v. Thomforde*, 412 F.2d 56, 59 (3d Cir. 1969).

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). As articulated above, the Beaufort County defendants do not reside in Pennsylvania and this Court cannot exercise personal jurisdiction over them. Nonetheless, the Court may transfer a case under § 1406 even without personal jurisdiction over the defendants. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Therefore, the Court will consider whether "a substantial part of the events or omissions giving rise to the claim occurred" in Pennsylvania. 28 U.S.C. § 1391(b)(2).

Mr. Wolffe's complaint makes explicitly clear that the actions or omissions giving rise to this lawsuit occurred in South Carolina. Again, it appears that Mr. Wolffe copied the allegations he raised in his complaint filed in the U.S. District Court for the District of South Carolina. Mr. Wolffe alleges that "[v]enue is appropriate in the United States 14[th] District Court of South Carolina Beaufort County South Carolina, under 18 U.S.C. § 1391(b)(c)(d) and 18 U.S.C. § 1965 as this is a judicial district where a substantial part of the events or omissions giving rise to the claims occurred, and it is where a substantial part of the events or omissions giving rise to the claims that were instructed to occur here in Beaufort County South Carolina." Pl.'s Compl., Doc. No. 1 ¶ 211. He further alleges that "[a] substantial part of the events or omissions giving rise to the claims in this action occurred in the County of Beaufort County South Carolina and all the defendants do business in this Division relating to the events or omissions alleged herein – Venue is therefore proper as per 28 U.S.C. § 1391(b) in the Beaufort Division 14 Circuit Court pursuant

6

to Local Civil Rule 3.01(A)(1)." *Id.* ¶ 216. The Eastern District of Pennsylvania is plainly an improper venue.

This Court has discretion to either dismiss Mr. Wolffe's complaint as against the Beaufort County defendants, or to transfer the action to a proper venue. 28 U.S.C. § 1406(a). Transfer is appropriate when it is "in the interest of justice." *Id.* Here, only a portion of the defendants filed a motion to dismiss for improper venue. Further, Mr. Wolffe has an identical case pending in the U.S. District Court for the District of South Carolina against all the defendants named in the present action. *See Wolffe v. Galdenzi et al.*, No. 22-cv-548-BHH-MGB (D.S.C.). It would not be "in the interest of justice" to transfer the case to the proper venue—the District of South Carolina—only as to the Beaufort County defendants. For all of these reasons, the Court will grant the Beaufort County defendants' motion to dismiss Mr. Wolffe's complaint as to the Beaufort County Sheriff's Office, Lyle E. Harris, Jeremy Hewitt, and P.J. Tanner.

CONCLUSION

For the foregoing reasons, the Court will grant the Beaufort County defendants' motion to dismiss Mr. Wolffe's complaint as to the Beaufort County Sheriff's Office, Lyle E. Harris, Jeremy Hewitt, and P.J. Tanner. An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE