IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MATEER WOLFFE, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| WALTER J. GALDENZI *et al.*, *Defendants* | : : : | 22-994 |

# MEMORANDUM

PRATTER, J.                                                                                                                      OCTOBER ___, 2022

Plaintiff William Wolffe, who is proceeding *pro se*, brings this civil action related to his removal from the premises of a Days Inn in Hilton Head, South Carolina. Pending before the Court are Mr. Wolffe's motion to remove attorneys of record and Mr. Wolffe's motion to compel responses and an internal investigation. For the following reasons, the Court will deny Mr. Wolffe's motions in their entirety.

## BACKGROUND

On March 17, 2022, Mr. Wolffe filed a 600-page complaint in the U.S. District Court for the Eastern District of Pennsylvania. Mr. Wolffe is 88 years old and was living at the Days Inn in Hilton Head, South Carolina. At the start of the COVID-19 pandemic, the Days Inn shut down, and Mr. Wolffe was forced to move out. He sued Days Inn, its employees, and a number of government officials for conspiring to evict him.[1] Mr. Wolffe initially filed suit in the U.S. District

---

[1] The named Defendants include Walter J. Galdenzi, Days Inns Worldwide, Inc., 9 Marina LLC d/b/a Days Inn by Wyndham Hilton Head, Days Inn by Wyndham Hilton Head, Southern Cross Investments Inc., Suzanne Mark, Wyndham Worldwide, Inc., Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotels and Resorts, Inc., Wyndham Hotel Management, Inc., Beaufort County Sheriff's Office, Lyle E. Harris individually and in his official capacity as Sheriff Deputy, Jeremy Hewitt individually and in his individual capacity as Sheriff Deputy, P.J. Tanner individually and in his official capacity as Sheriff, Does 1-100 in their individual capacity, and Does 1-100 in their official capacity.

1

Court for the District of South Carolina, and he subsequently filed suit in Pennsylvania and Delaware. *See Wolffe v. Galdenzi et al.*, No. 22-cv-548-BHH-MGB (D.S.C.); *Wolffe v. Galdenzi et al.*, No. 22-cv-994 (E.D. Pa.); *Wolffe v. Galdenzi et al.*, No. 22-cv-2882 (E.D. Pa.);[2] *Wolffe v. Days Inns Worldwide, Inc. et al.*, No. 22-374 (D. Del.). Presently pending before this Court are Mr. Wolffe's motion to remove all attorneys of record and Mr. Wolffe's motion to compel and for an investigation.

## LEGAL STANDARD

The Court notes that Mr. Wolffe's *pro se* motions will be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Pro se litigants such as Mr. Wolffe are "held to less stringent standards than trained counsel," *Id.*, and the Court stands prepared to "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) (citations omitted).

Federal Rule of Civil Procedure 11(b)(2) provides that "[b]y presenting to the court a . . . written motion . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." The purpose of Federal Rule of Civil Procedure 11 is to deter frivolous lawsuits. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). A lawsuit is frivolous if it has no sound basis in fact or law. *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991).

---

[2] Mr. Wolffe originally filed this lawsuit in the Delaware County Court of Common Pleas. *Wolffe v. Galdenzi, et al.*, No. 2022-cv-001507 (Del. Cnty. Ct. Comm. Pls.). Defendants Walter Galdenzi, 9 Marina, LLC, Suzanne Mark, and Southern Cross Investment, Inc. filed a motion to remove the case to the U.S. District Court for the Eastern District of Pennsylvania. *Wolffe v. Galdenzi, et al.*, No. 22-cv-2882 (E.D. Pa.), Doc. No. 1.

2

## DISCUSSION

### I. Mr. Wolffe's Motion to Remove Counsel of Record Must be Denied as Frivolous

On August 23, 2022, Mr. Wolffe filed a motion to remove all attorneys of record.[3] Mr. Wolffe asks the court to removal all attorneys and to declare "[a]ll pleadings and [a]ll [m]otions involving this [f]raud and deceit of the fraudulent use of a fake name Jeremy Hewitt . . . be rendered [m]oot and [v]oid." Pl.'s Mot. to Remove Attorneys of Record, Doc. No. 37, at 4. Mr. Wolffe argues that the attorneys violated Federal Rule of Civil Procedure 11 and committed a fraud against him and this Court for their continued, willful, and fraudulent identification of the defendant Jeremy Hewitt. The basis of Mr. Wolffe's argument appears to be that the defendants' identification of Jeremy Hewitt as a defendant lacks evidentiary support, therefore the continued identification of Jeremy Hewitt as a defendant constitutes fraud. *See* Fed. R. Civ. P. 11(b)(3). He seeks the sanction of removing all counsel of record.

Mr. Wolffe asserts that the true name of the defendant identified as Jeremy Hewitt is Jonathan Michael Hewitt. Exhibit 4a of Mr. Wolffe's complaint is a Beaufort County Sheriff's Office Deputy Report identifying the responding officer as "Hewitt, J." Pl.'s Compl., Ex. 4a, Doc. No. 1-3 at 157. Mr. Wolffe asserts that the J. Hewitt employed by the Beaufort County Sheriff's Office is Jonathan Michael Hewitt, not Jeremy Hewitt. Apparently, the identity of Jonathan Michael Hewitt was confirmed by the process server. Mr. Wolffe argues that the attorneys of record are intentionally using the incorrect name (Jeremy Hewitt) as part of a "cover up" to "shield

---

[3] Defendants Wyndham Worldwide Inc., Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotels and Resorts, Inc., and Wyndham Hotel Management, Inc. (the "Wyndham defendants") filed a letter brief incorporating by reference the defendants' joint response to Plaintiffs Motion to Remove Counsel of Record filed in the U.S. District Court for the District of South Carolina.[3] This letter was filed in lieu of a formal response. Defendants Beaufort County Sheriff's Office, P.J. Tanner, Lyle E. Harris, and Jeremy Hewitt (the "Beaufort County defendants") similarly filed a letter brief, incorporating by reference the same joint response. Mr. Wolffe filed a reply to Defendants' joint responses.

the true identity of the fugitive at large," meaning Jonathan Michael Hewitt. Pl.'s Mot. Remove Attorneys of Record, Doc. No. 37, at 3.

Generally, fraud requires the plaintiff to show a false representation made in reference to a material fact, with knowledge of its falsity or recklessness as to whether it is true or false, made with the intent to deceive, and reliance on the misrepresentation. *See West Chester Univ. Foundation v. MetLife Ins. Co. of Connecticut*, 259 F. Supp. 3d 211, 218 (E.D. Pa. 2017) (outlining the elements of fraud under Pennsylvania law); *Joseph W. Davis, Inc. v. Int'l Union of Operating Engineers, Local 542*, 636 F. Supp. 2d 403, 416 (E.D. Pa. 2008) (outlining the elements of fraud under the federal common law). Even construing Mr. Wolffe's motion liberally, he fails to satisfy the elements of fraud. First, Mr. Wolffe fails to articulate that the defendants had knowledge that Jeremy Hewitt was the improper defendant. Mr. Wolffe initially named Jeremy Hewitt as a defendant and continues to list Jeremy Hewitt as a defendant in the case caption.[4] Further, even if he could show that the defendants were aware of this alleged falsity, he fails to demonstrate that the defendants possess the requisite intent to deceive to have committed fraud. Finally, having been the first party to name Jeremy Hewitt as a defendant, Mr. Wolffe cannot now assert that he relied on the defendants' misrepresentation to his detriment.

Mr. Wolffe's motion is frivolous. It is not grounded in law or fact, and Mr. Wolffe fails to plausibly raise arguments that the defendants' conduct was in any way fraudulent. The only rule of law that Mr. Wolffe cites is Federal Rule of Civil Procedure 11, however he fails to demonstrate how defense counsels' conduct violated Rule 11. Moreover, Mr. Wolffe's arguments compel the finding that his own pleadings be deemed moot and void, because they too identify Jeremy Hewitt

---

[4] In his most recent filing with the court on September 29, 2022, Mr. Wolffe listed Jeremy Hewitt as follows: JEREMY HEWITT aka JONATHAN HEWITT aka JONATHAN HEWETT individually and in his official capacity as Sheriff Deputy Jeremy Hewitt. Doc. No. 45.

4

as a defendant. For all of these reasons, the Court will deny Mr. Wolffe's motion to remove counsel of record as frivolous.

## II. Mr. Wolffe's Motion to Compel Responses and Compel the Court to Conduct an Investigation Must be Denied as Frivolous in Part and Deemed Moot in Part

On August 31, 2022, Mr. Wolffe filed a motion to compel the defendants to respond to his outstanding motions and to compel the court to conduct an investigation. Mr. Wolffe seeks to compel the Court to: (1) investigate the "fraudulent" transfer and consolidation of his case; (2) investigate the continued "fraudulent" identification of the defendant Jeremy Hewitt; (3) compel a response to Plaintiff's Motion to Remand; and (4) compel a response to his motion to remove attorneys of record. Doc. No. 40. The Wyndham defendants and the Beaufort County defendants have since responded to Mr. Wolffe's motion to remove counsel rendering that request moot. Further, Mr. Wolffe's motion to remand was not filed in the above-captioned case but was filed in the related case *Wolffe v. Galdenzi, et al.,* No. 22-cv-2882 (E.D. Pa.). This Court has since granted Mr. Wolffe's motion to remand Case No. 22-2882, rending his motion to compel a response to this motion moot.[5] Similarly, Mr. Wolffe's request to conduct an internal investigation into the fraudulent transfer and consolidation of his case is also moot. The purported "fraudulent transfer" to which Mr. Wolffe refers was the removal of Case No. 22-2882 from the Delaware County Court of Common Pleas to the U.S. District Court of the Eastern District of Pennsylvania. The Court, having granted Mr. Wolffe's motion to remand, finds this request moot.

---

[5] Mr. Wolffe also filed a Reply/Motion in Objection to DCCCP Case #2022-1507 New Notice of Removal Filed August 31, 2022 by Same Named Defendants By and Through Attorney Thomas J. Wagner (Exhibit B) and Motion to Remand & Plaintiff's Reply in Opposition to Defendants Walter Galdenzi, 9 Marina, LLC, Suzanne Mark, and Southern Cross Investments, Inc.'s Brief In Support of its Opposition to Plaintiff's Motion to Remand and Counter-Motion to Consolidate with Docket 2:22-cv-00994/2:22-cv-02882. This motion must similarly be deemed moot because the Court has already granted Mr. Wolffe's motion to remand, which is the subject of this filing.

Mr. Wolffe's remaining request—that the Court conduct an investigation into the continued identification of Jeremy Hewitt—is frivolous. As articulated above, Mr. Wolffe fails to allege that the continued identification of the defendant Jeremy Hewitt constitutes fraud of any sort. Moreover, Mr. Wolffe, in his most recent filing on September 29, 2022, named defendant Jeremy Hewitt in his case caption. Mr. Wolffe asserts no arguments which would compel this Court to investigate the continued identification of a defendant by *all* parties involved in this litigation. Therefore, the Court finds that Mr. Wolffe's motion to compel the Court to conduct an investigation is frivolous and must be denied.

For all of these reasons, the Court will deny Mr. Wolffe's motion to compel a response and for an investigation because his motion is moot in part, and frivolous in part.

## Conclusion

For the foregoing reasons, the Court will deny Mr. Wolffe's motion to remove attorneys of record as frivolous and will deny Mr. Wolffe's motion to compel and for an investigation as moot in part and frivolous in part. An appropriate Order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE