IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MATEER WOLFFE, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| WALTER J. GALDENZI *et al.*, *Defendants* | : : | No. 22-994 |

## MEMORANDUM

PRATTER, J.                       NOVEMBER ___, 2022

Plaintiff William Wolffe, who is proceeding *pro se*, brings this civil action related to his removal from the premises of a Days Inn in Hilton Head, South Carolina. Defendants Days Inns Worldwide, Inc., Wyndham Worldwide, Inc., Wyndham Hotel Group, LLC, Wyndham Hotels & Resorts, Inc., Wyndham Hotels & Resorts, LLC, and Wyndham Hotel Management, Inc. filed a motion to strike and dismiss Mr. Wolffe's complaint pursuant to Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P. 12(f). For the following reasons, the Court will grant the moving defendants' motion to strike and dismiss.

### BACKGROUND

On March 17, 2022, Mr. Wolffe filed a 600-page complaint in the U.S. District Court for the Eastern District of Pennsylvania. Mr. Wolffe is 88 years old and was living at the Days Inn in Hilton Head, South Carolina. At the start of the COVID-19 pandemic, the Days Inn shut down, and Mr. Wolffe was forced to move out. He sued Days Inn, its employees, and a number of government officials for conspiring to evict him.[1] Mr. Wolffe initially filed suit in the U.S. District

---

[1]   The named Defendants include Walter J. Galdenzi, Days Inns Worldwide, Inc., 9 Marina LLC d/b/a Days Inn by Wyndham Hilton Head, Days Inn by Wyndham Hilton Head, Southern Cross Investments Inc., Suzanne Mark, Wyndham Worldwide, Inc., Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts,

1

Court for the District of South Carolina, and he subsequently filed suit in Pennsylvania and Delaware. *See Wolffe v. Galdenzi et al.*, No. 22-cv-548-BHH-MGB (D.S.C.); *Wolffe v. Galdenzi et al.*, No. 22-cv-994 (E.D. Pa.); *Wolffe v. Galdenzi et al.*, No. 22-cv-2882 (E.D. Pa.);[2] *Wolffe v. Days Inns Worldwide, Inc. et al.*, No. 22-374 (D. Del.).

On June 15, 2022, Defendants Days Inns Worldwide, Inc., Wyndham Worldwide, Inc., Wyndham Hotel Group, LLC, Wyndham Hotels & Resorts, Inc., Wyndham Hotels & Resorts, LLC, and Wyndham Hotel Management, Inc. (the "Wyndham defendants") filed a motion to strike and dismiss Mr. Wolffe's complaint under Fed. R. Civ. P. 12(f). Mr. Wolffe filed a response, objecting to the Wyndham defendants' motion.

## DISCUSSION

The Court notes that Mr. Wolffe's *pro se* complaint will be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Id.* (internal quotations omitted) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This does not, however, permit the Court to ignore or discount reality.

Federal Rule of Civil Procedure 8 provides that "a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is

---

LLC, Wyndham Hotels and Resorts, Inc., Wyndham Hotel Management, Inc., Beaufort County Sheriff's Office, Lyle E. Harris individually and in his official capacity as Sheriff Deputy, Jeremy Hewitt individually and in his individual capacity as Sheriff Deputy, P.J. Tanner individually and in his official capacity as Sheriff, Does 1-100 in their individual capacity, and Does 1-100 in their official capacity.

[2] Mr. Wolffe originally filed this lawsuit in the Delaware County Court of Common Pleas. *Wolffe v. Galdenzi, et al.*, No. 2022-cv-001507 (Del. Cnty. Ct. Comm. Pls.). Defendants Walter Galdenzi, 9 Marina, LLC, Suzanne Mark, and Southern Cross Investment, Inc. filed a motion to remove the case to the U.S. District Court for the Eastern District of Pennsylvania. *Wolffe v. Galdenzi, et al.*, No. 22-cv-2882 (E.D. Pa.), Doc. No. 1.

and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Federal Rule of Civil Procedure 12 provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts may dismiss *pro se* complaints that are "rambling and unclear," or contain excessive, unnecessarily detailed allegations and recitations of fact because they "fail[] to meet the pleading standards set forth in Rule 8(a)." *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011); *accord Brejcak v. Cnty. of Bucks*, No. 03-cv-4688, 2004 WL 377675, at *2–4 (E.D. Pa. Jan. 28, 2004) (holding 216-paragraph, 45-page complaint was excessive under notice pleading); *Drysdale v. Woerth*, No. 98-cv-3090, 1998 WL 966020, at *2 (E.D. Pa. Nov. 18, 1998) (holding that 93-paragraph complaint violated Rule 8(a)(2)). "[D]ismissal for violation of Rule 8 is usually confined to instances in which the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Bhatt v. Hoffman*, 716 F. App'x 124, 127 (3d Cir. 2017) (internal quotation marks omitted) (citing *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

The Wyndham defendants argue that the Court should strike Mr. Wolffe's complaint under Rules 8(a)(2) and 12(f). Mr. Wolffe's 600-page complaint contains over 1,600 paragraphs relating to his removal from the Days Inn, Hilton Head. Mr. Wolffe's complaint is rife with redundant and verbose recitations of facts and rambling and unclear allegations, making it difficult to parse out which claims he is asserting against which defendants. *See Bhatt*, 716 F. App'x at 127; *Tillio*, 441 F. App'x at 110. Mr. Wolffe's complaint fails to meet the Rule 8(a)(2) standard requiring a "short and plain statement of the claims," and his complaint will be stricken in its entirety as against the Wyndham defendants.

3

## CONCLUSION

For the foregoing reasons, the Court will grant the Wyndham defendants' motion to strike and dismiss Mr. Wolffe's complaint pursuant to Rule 8(a)(2) and 12(f) as to Days Inns Worldwide, Inc., Wyndham Worldwide, Inc., Wyndham Hotel Group, LLC, Wyndham Hotels & Resorts, Inc., Wyndham Hotels & Resorts, LLC, and Wyndham Hotel Management, Inc. An appropriate Order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

4